MICHAEL J. WHIPP,

                Petitioner,

v.

ROBERT MILLER,

                Respondent.[1]

Case No. 22-CV-1350-JPS

**ORDER**

On November 14, 2022, Petitioner Michael J. Whipp ("Whipp" or "Petitioner"), filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. ECF No. 1. On July 6, 2023, the Court screened the petition and found that it was likely time-barred. ECF No. 3. The Court ordered Petitioner to show cause, if any, why his application for relief under § 2254 is not time-barred. For the reasons discussed below, the Court finds that the petition is untimely, and that no exception applies. As such, the Court will deny the petition and dismiss this action with prejudice.

**1.**     **FACTUAL BACKGROUND**

Whipp was charged with of one count of First-Degree Sexual Assault of a Child, contrary to Wis. Stat. secs. 948.02(1), and one count of Incest with a Child, contrary to Wis. Stat. sec. 948.06(1). ECF No. 1. at 1. Whipp was

---

[1]The Court has substituted Robert Miller as the proper Respondent. *See* Fed. R. Civ. P. 25(d); *see also* Rule 2(a), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.").

convicted of all counts and sentenced to a term of imprisonment for sixty-six years. *Id.*

In 2019, Whipp filed a postconviction motion with the trial court to request a new trial, or in the alternative, a sentence modification based on the following newly discovered evidence: (1) a 2011 memorandum from a private investigator indicating that she interviewed the victim in 2011 and the victim told her that the assailant had not performed oral sex on her but had rubbed her vagina; and (2) a 2011 polygraph report indicating that Richard Heath, the administrator of the 2011 test, believed that Whipp had truthfully answered "no" when asked about whether he assaulted the victim. *State v. Whipp*, No. 2019AP1760, 2021 WL 8567937, at *1 (Wis. Ct. App. July 28, 2021), *review denied*, 2022 WI 94. The Wisconsin Court of Appeals addressed Whipp's arguments that the trial court erred in denying his postconviction motion without a hearing and affirmed the trial court's order. *Id.* at *1.

Whipp petitioned for review to the Wisconsin Supreme Court. On December 15, 2021, the Wisconsin Supreme Court denied review. *State v. Whipp*, 2021 WL 9781533 (Table). Now, Whipp seeks habeas relief on the following ground: that denial of his postconviction motion violated his due process rights. ECF No. 1 at 9.

2. **TIMLINESS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's habeas petition; it requires a petitioner to file his federal habeas petition within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28 U.S.C. § 2244(d)(2). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Court finds that the petition is untimely. The Wisconsin Supreme Court denied Whipp's petition for review of his direct appeal on August 14, 1998, ECF No. 1 at 3, and his conviction became final ninety days later in 1998. Although Whip's' postconviction motion was based on newly discovered evidence, and potentially invokes 28 U.S.C. § 2244(d)(1)(D), his newly discovered evidence was available in 2011 and his postconviction motion was not filed until nearly eight years later in 2019. *See Whipp*, 2021 WL 8567937, at *1. As such, the Court finds that the petition is untimely.

Petitioner does not argue with this conclusion. ECF No. 6 at 5. Instead, he seeks leniency from the Court. *Id.* A such, the Court addresses whether equitable tolling or the actual innocence exception applies to excuse his untimely filing.

The one-year period of limitations to file a habeas petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A habeas petitioner who seeks equitable tolling carries the burden of showing: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* Courts do not apply equitable tolling if the petitioner fails to demonstrate either of these elements. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Equitable tolling requires a case-by-case decision guided by precedent. *Holland*, 560 U.S. at 649–50. Equitable tolling is not a chimera, but it is nevertheless an extraordinary remedy that is rarely granted. *Carpenter*, 840 F.3d at 870.

The diligence required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). However, "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry v. Dittman*, 904 F.3d 525, 531 (7th Cir. 2018). A petitioner's lack of action for months on end tends to show that he has not acted with reasonable diligence. *E.g.*, *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). A petitioner may demonstrate reasonable diligence by, for example, writing letters seeking information and direction, repeatedly contacting attorneys or courts, or filing a *pro se* habeas petition shortly after discovering that the limitations period has expired. *Id.*

An extraordinary circumstance justifying equitable tolling must involve something beyond the petitioner's control. *Carpenter*, 840 F.3d at 872. A lack of legal training, a lack of counsel, and other "garden variety" claims involving common aspects of prison life are insufficient. *Id.*

Here, the Court finds that Petitioner has not met the high threshold, for equitable tolling because he has not diligently pursued his claims. Petitioner explains that the delay in filing his habeas petition was due to the fact that he had difficulty finding counsel to represent him in his post-conviction proceeding. ECF No. 6. Petitioner explains that he could not get representation through the Innocence Project and that he wrote to several other attorneys throughout the state seeking legal representation. *Id.*

Petitioner's general explanation that he sought counsel for approximately eight years is not persuasive. Petitioner had no Sixth Amendment right to have counsel represent him in a post-conviction proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (holding that because there is no constitutional right to counsel in state post-conviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings"). While he may have believed he needed counsel, Petitioner's lack of familiarity with the law or lack of legal training does not trigger equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811–12 (7th Cir. 2013); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Similarly, a petitioner's pro se status does not entitle him to equitable tolling. *Socha v. Boughton,* 763 F.3d 674, 685 (7th Cir. 2014); *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). The explanation of seeking counsel does not justify Petitioner's nearly eight-year delay in filing his post-conviction motion. Allowing a petitioner to use 'seeking counsel' as a cure-all for any late petition would essentially negate AEDPA's strict statute of limitations.

Page 5 of 9
Case 2:22-cv-01350-JPS   Filed 07/19/24   Page 5 of 9   Document 11

As such, the Court finds that the extraordinary remedy of equitable tolling does not apply to this case.

Alternatively, an untimely petition may be saved on grounds of actual innocence. The actual innocence exception which, if proved, removes the impediment of the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The petitioner must demonstrate that, in light of the new evidence, "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Id.* (citing *Schlup*, 513 U.S. at 327). "The actual innocence gateway is narrow," and the petitioner carries a "heavy burden." *Gladney*, 799 F.3d at 896, 899. "To demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or other powerful evidence . . . ." *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005).

In his initial response to the Court, Petitioner did not raise the argument of actual innocence. *See* ECF No. 6. He later raises the issue in his reply brief, however, by that point, the argument was waived. *See Williams v. Bd. of Educ.*, 982 F.3d 495, 507 n.30 (7th Cir. 2020) ("[A]rguments raised for the first time in a reply brief are waived."). In reply, Petitioner provides only an undeveloped argument that his perseverance, the polygraph results, the victim's inconsistent statements, and the partial recantation prove his actual innocence. ECF No. 10 at 2–3.

Regardless of the waiver of the actual innocence argument, the Court still does not find that Petitioner meets the high burden to show actual innocence. To begin, the 'recantation' evidence is not an actual recantation from the victim. As summarized by the Wisconsin Court of Appeals, "the investigator's memo summarizing S.M.'s 2011 statement is not signed by S.M., and the statement was neither given under oath nor made to law

enforcement. *Whipp*, 2021 WL 8567937, at *2. Given this, "there is no indication that S.M. agrees with the memo or vouches for its accuracy." *See id.* The memorandum also does not indicate that Petitioner did not touch the victim inappropriately; instead, it indicates that "S.M. told her that the assailant had not performed oral sex on her but had rubbed her vagina" *Id.* at *1.

Moreover, even if it were a full recantation, courts have indicated there are reasons to treat recantations generally with a healthy dose of skepticism. *See Mendiola v. Schomig*, 224 F.3d 589, 593 (7th Cir. 2000); *Dobbert v. Wainwright*, 468 U.S. 1231, 1233 (1984) (Brennan, J., dissenting from denial of *certiorari*) ("Recantation testimony is properly viewed with great suspicion."). The fact that the memorandum is from 2011, approximately fifteen years after the jury trial, further weakens its credibility. This "substantial delay" raises doubts about the accuracy of S.M.'s memory and her credibility. *Cf. Blackmon v. Williams*, 823 F.3d 1088, 1102 (7th Cir. 2016) (finding eight years to be a substantial delay).

As to the 2011 polygraph report, any argument in this regard is further unavailing. The polygraph report indicated that "the administrator of the 2011 test, believed that Whipp had truthfully answered 'no' when asked about whether he assaulted S.M." *Whipp*, 2021 WL 8567937, at *1. First, the administrator's belief is not the type of evidence that proves Petitioner's innocence. Further, Petitioner has provided no explanation as to why this was 'new' evidence that could not have been obtained for trial. *See Jefferson v. Duncan*, No. 14 C 1515, 2015 WL 249646, at *4 (N.D. Ill. Jan. 16, 2015) ("Nor is there anything new about the lie detector evidence; Petitioner could have gone to trial and asked a jury to draw the favorable inference he now urges.").

Page 7 of 9
Case 2:22-cv-01350-JPS   Filed 07/19/24   Page 7 of 9   Document 11

In sum, Petitioner's evidence presented here does not persuade the Court that "no juror, acting reasonably, would have voted to find [him] guilty beyond a reasonable doubt." *See Schlup v. Delo,* 513 U.S. 298, 329 (1995). As such, the Court finds that Petitioner has not met the high burden for actual innocence. Finding that no exception applies to excuse the petition's untimeliness, the Court will accordingly deny the petition.

### 3. CONCLUSION

For the reasons discussed above, the Court finds that Petitioner's § 2254 petition is untimely, and that no exception applies to excuse the untimeliness. The Court will accordingly deny the petition and dismiss this action with prejudice. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the amended petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons discussed above, no reasonable jurists could debate whether Petitioner is eligible for equitable tolling, or whether he has made a successful actual innocence claim, in order to salvage his untimely petition. The Court will, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Petitioner's motion for an extension of time, ECF No. 8, and motion to appoint counsel, ECF No. 9, be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.